UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
NO._____

FILED
NOV 26 2004
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By_____

| | |
|---|---|
| Scott K. Troutman, | ) |
| Plaintiff, | ) |
| v. | ) COMPLAINT AND DEMAND |
| | ) FOR JURY TRIAL |
| International Business | ) |
| Machines Corporation d/b/a IBM | ) 1:04CV01115 |
| Defendant. | ) |

## NATURE OF THE ACTION

NOW COMES Plaintiff, Scott K. Troutman, and brings this action pursuant to the provisions of the Family and Medical Leave Act, 29 U.S.C.§ 2601, *et seq.* [hereinafter referred to as "the Act"], to recover from the Defendant, International Business Machines Corporation, [hereinafter "IBM"] appropriate relief for the Defendant's violation of the Act. The violations herein alleged include IBM's failure and refusal to either restore Plaintiff to the position of employment he held when qualified FMLA leave commenced, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1131 as this case involves a question of federal law pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq.("FMLA").

2. Venue is properly laid under 28 U.S.C. § 1391 as the events which gave rise to

this action arose at IBM's place of business in Durham County, North Carolina, within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, Scott K. Troutman, is a citizen and resident of Oxford, Granville County, North Carolina.

4. Upon information and belief, IBM is a New York corporation authorized to do business, and doing business, in the State of North Carolina.

5. IBM operates and maintains a place of business in Research Triangle Park which justifies jurisdiction in this forum.

6. At all relevant times, IBM has been a private sector employer who engages in commerce with at least fifty (50) employees at the facility where Plaintiff is employed.

7. At all relevant times, IBM has been an entity required to comply with the requirements of the FMLA.

8. At all relevant times, Plaintiff has been an employee of IBM as defined by the FMLA, has worked for IBM at least 12 months and at least 1,250 hours in the 12 months preceding the violations alleged in this action.

9. At all relevant times, Plaintiff has been an employee of IBM who meets the requirements to qualify for coverage under the FMLA.

## FACTS

10. Plaintiff is currently employed by IBM at its facility in Research Triangle Park, North Carolina where he has worked since 1986 after his transfer from IBM's facility in Boca Raton, Florida.

11. Plaintiff has one or more serious health conditions as defined by the FMLA.

12. Plaintiff's serious health condition at the time he took FMLA leave was a chronic and debilitating injury to his back, which satisfies the definition of serious health condition under the FMLA.

13. In April 2004, Plaintiff had surgery on his back and as a result was absent for 6 weeks from his job as Server Proven Planner & Atlas Process Engineer.

14. Plaintiff qualified for and received FMLA leave for this 6-week absence from his job.

15. Before Plaintiff left for his surgery, his manager assured him that he would return to his job when he was released back to work after his recovery from surgery.

16. In June 2004, prior to the time that Plaintiff's FMLA leave entitlement expired, he was released to return to work and was cleared by his doctor to perform all essential functions of his position on a modified work schedule which allowed for spending half of his work day at the office and the other half working from home.

17. Within a day or so of Plaintiff's return to work after his leave, he was informed by his manager that he longer had the job that he held before his leave. He was told that he would be replaced by a contractor, except for two projects which he was instructed to complete. He was further informed that when he finished the two projects, he would no longer have a position with IBM unless he was able to find one.

18. As a result of IBM's refusal to reinstate him, or provide him with a substantially equivalent position, Plaintiff suffered, and continues to suffer, severe depression and anxiety. Based on the resultant damage to Plaintiff's physical and emotional health, Plaintiff's doctor has prescribed a period of medical leave. At the time of the filing of this Complaint, Plaintiff

remains out on medical leave.

## FIRST CAUSE OF ACTION

**Failure to Reinstate To Prior, Or Equivalent Position as Required by Family and Medical Leave Act of 1993, 29 U.S. C. § 2614**

19.     The allegations of Paragraphs 1-18 are realleged and incorporated herein by reference.

20.     The refusal by IBM restore Plaintiff to the position of Server Proven Planner & Atlas Process Engineer which Plaintiff had before he went on leave, or an equivalent position, violated the requirements of the FMLA.

21.     IBM's actions entitle Plaintiff to recover damages, in the form of wages, salary, employment benefits or other compensation denied; in amounts to be proven at trial.

22.     IBM's actions lacked any measure of good faith. IBM did not have reasonable grounds for believing that its actions were not in violation of the Act. As a result, Plaintiff is entitled to an additional amount as liquidated damages equal to the sum of amounts proven at trial to be owing to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court afford relief as follows:

A.     Grant Plaintiff's request for a jury trial;

B.     Order Defendant to reinstate Plaintiff to the position he held prior to his FMLA leave, or to a substantially equivalent position;

C.     Award Plaintiff denied or lost compensation, including wages and benefits, as well as other consequential damages suffered as a result of Defendant's violation

of the FMLA in amounts to be proven at trial;

D.   Award Plaintiff interest on the damages proven at trial;

E.   Award liquidated damages in an appropriate amount;

F.   Order Defendant to pay Plaintiff's reasonable attorney's fees, costs and expert witness fees incurred in this action; and

G.   Grant such further relief as the Court deems necessary and proper.

Respectfully submitted this 23rd day of November, 2004.

                                  MEYER & MEUSER, P.A.

BY:  *Linda K. Wood*
John B. Meuser
North Carolina Bar No. 8415
Linda K. Wood
North Carolina Bar No. 12594
4030 Wake Forest Road
Suite 101
Raleigh, North Carolina 27609
Telephone (919) 877-9233
Fax: (919) 877-9984